IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,

CENTRAL DIVISION

| | |
|---|---|
| GARY E. JUBBER, Former Trustee<br><br>Appellant,<br>v.<br><br>BRENT DAVID CHRISTENSEN and JO-ANN HALL CHRISTENSEN, Debtors,<br><br>Appellees. | **MEMORANDUM DECISION AND ORDER GRANTING APPELLEES' MOTION TO DISMISS**<br><br>Case No. 2:16-cv-00216-JNP-DBP<br><br>District Court Judge Jill N. Parrish |

Before the court is Appellees/Debtors Brent David Christensen and Jo-Ann Hall Christensen's motion to dismiss Appellant/Former Chapter 7 Trustee Gary E. Jubber's appeal from the Bankruptcy Court. (Docket No. 19). As explained below, the court concludes that the appeal is moot and therefore grants Debtors' motion to dismiss and vacates the lower court's order.

### BACKGROUND

This motion comes before the court in the context of a bankruptcy appeal. Brent David Christensen and Jo-Ann Hall Christensen are Appellees in this appeal and Debtors in a bankruptcy proceeding below. They filed bankruptcy under Chapter 7 of the Bankruptcy Code on October 19, 2015. Appellant, now the Former Trustee, acted as Chapter 7 trustee until the case was converted to a filing under Chapter 13 and he was removed. During the proceedings under Chapter 7, the Debtors filed a Schedule C with the court listing their residence as an exempt property and claiming a $51,000 homestead exemption under Utah Code § 78B-5-503(2). The Former Trustee objected to the claimed exemption, arguing that the exemption was not

appropriate because the property was encumbered by liens exceeding its value. After briefing and argument, the Bankruptcy Court overruled the objection (the "Exemption Order"). On March 15, 2016, the Former Trustee appealed the ruling to this court under 28 U.S.C. § 158(a). The bankruptcy proceeding was not stayed during the pendency of the appeal, and the case was subsequently converted from a filing under Chapter 7 to Chapter 13 of the Bankruptcy Code at the request of Debtors. Additionally, Appellant was removed as trustee. On July 7, 2016, Debtors filed an amendment to their Schedule C, expressly disclaiming any homestead exemption and stating their intent to terminate any dispute over the exemption in the proceedings before the Bankruptcy Court and the appeal before this court. (Docket No. 19, at 7–8).

On July 13, 2015, Debtors filed this motion, arguing that events subsequent to the filing of this appeal have rendered it moot.[1] The Former Trustee filed a memorandum in opposition on July 20, 2016. (Docket No. 20). Debtors filed a reply on July 27, 2016. (Docket No. 22). Neither party requested oral argument and, after reviewing the submitted materials, the court concludes that oral argument would not materially advance the resolution of this matter. *See* DUCivR 7-1(f). The court has jurisdiction over the Former Trustee's appeal under 28 U.S.C. § 158(a).

## DISCUSSION

In this motion to dismiss, Debtors argue that the Former Trustee's appeal of the Exemption Order has been rendered moot by the recent conversion of their case from a Chapter 7 filing to a Chapter 13 filing and the subsequent abandonment of their homestead exemption claim. The court agrees.[2] "A suit becomes moot when the issues presented are no longer live or

---

[1] The Debtors originally filed a motion to dismiss for lack of jurisdiction on April 7, 2016, (Docket No. 8), which was fully briefed at the end of June. The court ordered the parties to re-brief the issues . (Docket No. 14). The instant motion is the product of that re-briefing.

[2] Debtors also argue that the bankruptcy court's overruling of the Former Trustee's objection to the claimed homestead exemption is an interlocutory order not ripe for appeal. Tenth Circuit law seems to contradict that contention: "Grant or denial of a claimed exemption is a final appealable order from a bankruptcy proceeding."

2

the parties lack a legally cognizable interest in the outcome." *Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016) (internal quotations omitted) (quoting *Chafin v. Chafin*, —U.S.—, 133 S.Ct. 1017, 1023 (2013)). Once a suit is mooted by intervening circumstances, federal courts lack subject matter jurisdiction. *Id.*; *In re BCD Corp.*, 119 F.3d 852, 856 (10th Cir. 1997) (explaining that mootness is "a threshold question because in the absence of a live case or controversy, [the court has] no subject-matter jurisdiction over an appeal"). In other words, "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter [at] issue in the case before it.'" *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132 (1895)). "Constitutional mootness doctrine is grounded in the Article III requirement that federal courts only decide 'actual, ongoing cases or controversies.'" *Bldg. & Constr. Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1491 (10th Cir. 1993) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249 (1990)). Thus, "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Church of Scientology*, 506 U.S. at 12 (quoting *Mills*, 159 U.S. at 653); *see also Thournir v. Buchanan*, 710 F.2d 1461, 1463 (10th Cir. 1983) ("Generally an appeal should be dismissed as moot when events occur that prevent the appellate court from granting any effective relief.").

Applying these principles to the instant appeal, the court can find no live controversy requiring adjudication. The Tenth Circuit has indicated that "a debtor's conversion of a bankruptcy proceeding from one chapter of the Bankruptcy Code to another generally obviates the need to further litigate the issues in the original proceeding, thereby mooting an appeal from

---

*Clark v. Brayshaw (In re Brayshaw)*, 912 F.2d 1255, 1256 (10th Cir. 1990) (quotations omitted) (quoting *Sumy v. Schlossberg (In re Sumy)*, 777 F.2d 921, 923 (4th Cir. 1985)). Nevertheless, because the appeal is moot in any event, the court need not make a final determination on this point.

the original proceeding." *Covington Capital Corp. v. Campbell (In re Campbell)*, 36 F. App'x 388, 390 (10th Cir. 2002) (unpublished); *see also J.B. Lovell Corp. v. Carlisle Corp. (In re J.B. Lovell Corp.)*, 876 F.2d 96, 98–99 (11th Cir. 1989); *Roller v. Worthen Nat'l Bank of Nw. Ark. (In re Roller)*, 999 F.2d 346, 347 (8th Cir. 1993); *Cook v. Fletcher (In re Cook)*, 730 F.2d 1324, 1326 (9th Cir. 1984). That general principle clearly applies here. Debtors have converted their case from a Chapter 7 filing to a Chapter 13 filing, leaving behind many of the issues that characterized that proceeding, including their claim of a homestead exemption. The elimination of the exemption claim means the Former Trustee has nothing left to challenge and Debtors have nothing left to defend. Put plainly, neither party has "a legally cognizable interest in the outcome" of this appeal. *See Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944 (1969). Any ruling from this court on whether a homestead exemption *could* be viable "would constitute a textbook example of advising what the law would be upon a hypothetical state of facts rather than upon an actual case or controversy as required by Article III of the Constitution." *See Camfield v. City of Okla. City*, 248 F.3d 1214, 1223 (10th Cir. 2001) (internal quotations omitted).

Nevertheless, the Former Trustee insists that the "voluntary cessation" exception to the mootness doctrine applies because the Debtors may convert their filing back to Chapter 7 at some point in the future and then revive their now-abandoned homestead exemption. The court "view[s] this possibility as too conjectural and speculative to avoid a finding of mootness." *Jones v. Temmer*, 57 F.3d 921, 923 (10th Cir. 1995) (citing *Anderson v. Green*, 513 U.S. 557, 559, 115 S.Ct. 1059 (1995) (per curiam)); *see also Halls v. Beals*, 396 U.S. 45, 49–50, 90 S.Ct. 200 (1969) (refusing to address substantive issues in a moot action where only "speculative contingencies" might revive the controversy).

More fundamentally, the concept of "voluntary cessation" seems wholly inapplicable to the Debtors' exercise of their statutory right to request specific exemptions under the Bankruptcy Code. While it is true that "voluntary cessation of challenged conduct does not ordinarily render a case moot[,]" *Knox v. Serv. Emps. Int'l Union, Local 1000*, 132 S.Ct. 2277, 2287 (2012), that general rule "traces to the principle that a party should not be able to evade judicial review, or to defeat a judgment by temporarily altering questionable behavior[,]" *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1, 121 S.Ct. 743 (2001). Here, the Debtors cannot "evade judicial review" or "defeat a judgment" because even if they manage to revive their claim for a homestead exemption, the Former Trustee will have a concomitant opportunity to object. Having disclaimed their pursuit of a homestead exemption by amendment of their Schedule C, the Debtors would be required to newly amend their Schedule C in order to pursue the exemption again. *See* Fed. R. Bankr. P. 1009(a) (providing for amendment of lists and schedules). Under Rule 4003(b)(1), the Former Trustee would then have "30 days after [the] amendment to the list [of property claimed as exempt] or supplemental schedules is filed" to raise an objection to this new claim for a homestead exemption. *See id.* 4003(b)(1); *In re Kazi*, 985 F.2d 318, 323 (7th Cir. 1993) (explaining that Rule 4003(b) does not permit new objections to unamended exemption claims, but does permit objections to exemption claims that are actually amended in a new schedule). Thus, should the Debtors attempt to reclaim their now-abandoned homestead exemption, the Former Trustee would be permitted to object and, should the bankruptcy court overrule the objection, he may again appeal.

In sum, the appeal is moot and, as a result, the court lacks subject matter jurisdiction. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1121 (10th Cir. 2010) ("Under the constitutional-mootness doctrine, a federal court has jurisdiction over only 'cases'

and 'controversies.'" (quoting U.S. Const. art. III, § 2, cl. 1)). The appeal must therefore be dismissed. Nevertheless, "it is frequently appropriate for an appellate court to vacate the judgment below when mootness results from happenstance or the actions of the prevailing party." *Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1213 (10th Cir. 2005) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71–72, 117 S.Ct. 1055 (1997)). "Vacatur is an equitable remedy[,]" *id.*, and the court believes the equities in this case weigh in favor of vacating the Bankruptcy Court's ruling on the Former Trustee's objection to the homestead exemption. Vacatur will not unduly advantage the Former Trustee, nor harm Debtors, but will "clear[] the path for future relitigation of the issues between the parties" should the need arise. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 40, 71 S.Ct. 104 (1950); *id.* ("[Vacatur] is commonly utilized in precisely this situation to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences."). This court, exercising appellate jurisdiction in the bankruptcy context, *see* 28 U.S.C. § 158(a); *Lavenhar v. First Am. Title Ins. Co. (In re Lavenhar)*, 808 F.3d 794, 798 (10th Cir. 2015) (recognizing appellate role of district courts in bankruptcy appeals), will therefore vacate the original order under 28 U.S.C. § 2106 (granting federal courts exercising appellate jurisdiction authority to vacate lower court orders).

## CONCLUSION

Based on the foregoing, the court concludes that it lacks subject matter jurisdiction over this appeal because it is moot. The Debtors' motion to dismiss is therefore **GRANTED**. Accordingly, the above-captioned appeal is **DISMISSED** without prejudice and the order of the Bankruptcy Court overruling the Former Trustee's objection to Debtor's claimed homestead exemption is **VACATED**.

It is so ordered.

Signed, this the 21st day of November, 2016.

BY THE COURT:

_____
The Honorable Jill N. Parrish
United States District Court Judge
